THE STATE OF OHIO, APPELLEE, *v.* LOUIS, APPELLANT.

[Cite as State v. Louis, 3 Ohio App. 2d 189.]

(No. 7894—Decided August 10, 1965.)

*Mr. C. Howard Johnson*, prosecuting attorney, *Mr. Fred L. Newsom, Jr.*, and *Mr. K. Michael Foley*, for appellee.
*Mr. Edward T. Roth*, for appellant.

BRYANT, P. J.   This is an appeal on questions of law by Tony Louis, appellant, defendant in the court below.   The state of Ohio, appellee, plaintiff below, by indictment charged that on July 11, 1963, Louis burglarized an inhabited dwelling in the night season contrary to Section 2907.09, Revised Code; (2) while armed with a deadly weapon, he robbed a man of $1.50, contrary to Section 2901.13, Revised Code; and (3) he committed forcible rape, contrary to Section 2905.01, Revised Code.

Louis was tried before a jury which, on January 21, 1964, found him guilty of all three charges.   The trial court granted a new trial on the rape charge, and it was later dismissed.   The jury did not recommend mercy in its verdict on the burglary charge making a life sentence mandatory.   The trial court imposed a life sentence on the burglary charge and a concurrent indeterminate sentence of from ten to twenty-five years on the armed robbery charge.

In his appeal to this court, Louis makes five assignments of error.   The first, second and fourth assignments relate to the admission, exclusion or weight of the evidence.   The third assignment relates to the overruling of Louis' motion to dismiss, and the fifth assignment relates to other errors appearing in the record.

At the time of argument, counsel for Louis alleged that the charge of the trial court violated the constitutional rights of Louis.   At the trial, Louis did not take the stand and testify in his own behalf.   It was claimed that the trial court in its charge to the jury made mention of the fact that Louis failed

to testify and instructed the jury that while Louis had the right under the Constitution to refuse to testify, his failure to do so could be considered by the jury along with other evidence in determining Louis' guilt or innocence. It was argued that the Supreme Court of the United States, in a case closely resembling that of Louis, had held that such a charge was contrary to the constitutional rights of a defendant and was prejudicial and reversible error.

We shall give consideration to the fifth assignment of error first, and, in particular, to the claimed erroneous charge with respect to the failure of Louis to testify on his own behalf. In the view we have taken, we do not reach the first four errors assigned.

At the trial of Louis, he did not testify. In Section 10, Article I of the Constitution of Ohio, it is provided that "no person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be made the subject of comment by counsel. * * *."

The trial court in its charge to the jury called attention to the fact that Louis did not take the stand, told the jury that Louis was within his rights in refusing to testify, but that the jury had a right to consider Louis' failure to testify along with the other evidence in the case in determining Louis' guilt or innocence to give such weight to the failure of Louis to testify as the jury deemed proper.

The charge of the court below to the jury on this issue is as follows:

"Now, I might say that while the defendant did not take the stand, he had the perfect right—

"The Defendant: Judge, you only heard one side.

"The Court: Wait a minute, I am charging the jury. *He had a perfect right not to take the stand, but the jury has a right to consider that fact and attach such weight to it as you deem proper.*" (Emphasis added.)

It is the charge quoted above that is claimed by Louis to amount to prejudicial error and a deprivation of his rights under the Constitution of the United States, the Fifth Amendment to which provides, as far as pertinent here, as follows:

"No person * * * shall be compelled in any criminal case

to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; * * *."

It is further urged that due to the adoption of the Fourteenth Amendment to the Constitution of the United States the provisions quoted above from the Fifth Amendment thereto are made applicable to state prosecutions. The portion of the Fourteenth Amendment relied upon reads in part as follows:

"* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; * * *."

The Supreme Court of the United States has clearly and unmistakably held that under the provisions of the Fifth Amendment to the Constitution of the United States a person has the right to refuse to testify against himself, and that it is an infringement on that right to permit a jury to consider the failure of a defendant to testify as some possible evidence of his guilt. This decision of the Supreme Court of the United States was announced on April 28, 1965, in the case of *Griffin* v. *California* (1965), U. S. , 14 L. Ed. 2d 106, 85 S. Ct. 1229. That case began in the state of California in which Griffin was convicted of murder in the first degree. Griffin did not testify at the trial at which his guilt was determined. The Constitution of California, in Section 13 of Article I, contains a provision reading in part as follows:

"* * * in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony * * * may be commented upon by the court and by counsel, and may be considered by the court or the jury."

The California trial court instructed the jury that as to Griffin's failure to testify "the jury may take that failure into consideration as tending to indicate the truth" of evidence against him, which he "can reasonably be expected to deny or explain."

In *Griffin*, the U. S. Supreme Court in reversing the judgment of conviction reviewed applicable statutes and constitutional provisions in all fifty states, a note to the opinion asserting that in 44 states the legislatures or the courts "have recognized that such comment is, in light of the privilege against self-incrimination, 'an unwarrantable line of argument.'" Refer-

ence is also made to the fact that only in California and Ohio are there constitutional provisions authorizing such comment.

In *Griffin,* paragraphs one, three and eight of the S. Ct. headnotes read as follows:

"1. Self-incrimination clause of Fifth Amendment is made applicable to States by Fourteenth Amendment."

"3. Trial judge's and prosecutor's comments on defendant's failure to testify in California criminal case violated self-incrimination clause of Fifth Amendment."

"8. Fifth Amendment, in its direct application to federal government and its bearing on States by reason of Fourteenth Amendment, *forbids either comment by prosecution on accused's silence or instructions by court that such silence is evidence of guilt.*" (Emphasis added.)

In view of the decision of the Supreme Court of the United States in *Griffin,* it seems clear that either comment by counsel or a charge by the court as to the failure of a defendant in a criminal case to testify is a prejudicial infringement of a constitutional right of the defendant and is reversible error.

For that reason, the judgment of the court below must be reversed and set aside, and the cause remanded for a new trial.

*Judgment reversed.*

Duffey and Troop, JJ., concur.