765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MOLLY A. MUSCA, PLAINTIFF-APPELLANT,
v.
VILLAGE OF CHAGRIN FALLS, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3236, 84-3447
 United States Court of Appeals, Sixth Circuit.
 5/20/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
 Before: KENNEDY and MILBURN, Circuit Judges; GUY, District Judge.*
 PER CURIAM.
 
 
 1
 This action was initiated by plaintiff in a complaint filed on August 10, 1983, alleging the seizure of real estate, in violation of 42 U.S.C. Sec. 1983 and the fourteenth amendment. The Village of Chagrin Falls and a number of Village officials were named as defendants. This matter is on appeal from the district court's granting of defendants' motion to dismiss. For the reasons set forth below, the judgment of the district court is affirmed.
 
 
 2
 Plaintiff is the owner of a commercial building in the Village of Chagrin Falls. That building contains four rental units, each of which contains a separate water meter, and the tenants of which are billed separately for their water consumption. Between July, 1974 and November 2, 1978, one of those units was occupied by tenants who incurred substantial water bills and who failed to make payments on those bills. The resultant attempts of the Village to collect the unpaid amounts from plaintiff, as owner of the property, has led to this litigation.
 
 
 3
 Section 13 of the Regulations of the Chagrin Falls Water Department provides that unpaid water bills shall be a lien on the property to which the water was supplied, and that unpaid bills can be collected from the property owner as are taxes and assessments. In accordance with the regulation, the Council of the Village of Chagrin Falls adopted, on August 11, 1980, an ordinance authorizing $11,594.93 in delinquent water bills to be assessed against the property and to become a lien if unpaid. Plaintiff contends that the enactment of this ordinance and the imposition of this lien deprives her of due process of law.
 
 
 4
 On August 27, 1980, prior to the initiation of the instant litigation, plaintiff filed an earlier action in the Ohio state courts against these defendants seeking to enjoin them from placing the tax lien on her property. The injunction was denied by the Court of Common Pleas of Cuyahoga County on October 20, 1980. That decision was appealed to the Eighth District Court of Appeals of Ohio, and, on December 17, 1981, that court reversed the lower court on procedural grounds, but affirmed the substantive decision, stating that '[t]he principal legal issue in this case is decided against the plaintiff.' Musca v. Village of Chagrin Falls, 3 Ohio App. 2d 192, 197, 444 N.E.2d 475, 480 (1981). The court thus concluded that defendants' lien for unpaid water bills could attach as a matter of law pursuant to the action taken by the defendants. On remand, the lower court corrected the procedural flaws, and granted summary judgment in favor of defendants.
 
 
 5
 The primary issue here on appeal is whether or not the claims raised by plaintiff in the instant action are barred by the principles of res judicata as the result of her prior state court proceedings. The concept of res judicata encompasses both issue preclusion, under which parties are precluded from relitigating issues which were previously litigated between the same parties, and claim preclusion, under which the parties are precluded from relitigating claims which were or could have been raised in a prior proceeding. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed. 308 (1980); Federated Department Stores v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed. 103 (1981).
 
 
 6
 It is undisputed that under Ohio law the doctrine of res judicata fully encompasses issue preclusion. The state of claim preclusion under Ohio res judicata law was recently examined by the United States Supreme Court in Migra v. Warren City School District Board of Education, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). There the Court observed that the case law developing in the State of Ohio reflects an evolution in the Ohio courts toward a broader and more expansive approach to the doctrine of claim preclusion. The Court remanded the case to the district court for an interpretation of Ohio preclusion law and for the application of that law to the facts of that particular case.
 
 
 7
 On March 5, 1985, the district court, on remand, rendered its opinion in Migra, and applied the broad, transactional view of claim preclusion in determining that the claims brought by the plaintiff in federal court were barred by the doctrine of res judicata. Migra v. Warren City School District Board of Education, No. 80-11384 (N.D. Ohio March 5, 1985). That decision is now on appeal to this court. However, for the reasons which follow, this court concludes that the issues raised in the Migra appeal need not be considered here in determining the instant appeal.
 
 
 8
 Upon reviewing the record in this matter and considering the arguments presented by counsel, this court is of the view that it need not look beyond the doctrine of issue preclusion in rendering judgment on the instant appeal. Plaintiff's challenge to the defendants' actions in her Ohio court action directly and specifically challenged the authority for such procedures as were employed by the defendants. The Ohio courts, in upholding those procedures in the prior state court litigation, found that statutes of the State of Ohio specifically authorized the defendants to assess these unpaid water bills against the property in the form of a lien. Section 735.29 of the Ohio Revised Code, quoted by the Ohio appeals court, provides:
 
 
 9
 The board of trustees of public affairs appointed under section 735.28 of the Revised Code shall manage, conduct, and control the water works, electric light plants, artificial or natural gas plants, or other similar public utilities, furnish supplies of water, electricity, or gas, collect all water, electric, and gas rents, and appoint necessary officers, employees, and agents.
 
 
 10
 The board may make such bylaws and regulations as it deems necessary for the safe, economical, and efficient management and protection of such works, plants, and public utilities. Such bylaws and regulations, when not repugnant to municipal ordinances or to the constitution or laws of this state, shall have the same validity as ordinances.
 
 
 11
 For the purpose of paying the expenses of conducting and managing such water works, plants, and public utilities or of making necessary additions thereto and extensions and repairs thereon, the board may assess a water, light, power, gas, or utility rent, of sufficient amount, and in such manner as it deems most equitable, upon all tenements and premises supplied therewith. When such rents are not paid the board may certify them to the county auditor to be placed on the duplicate and collected as other village taxes, or it may collect them by actions at law in the name of the village. (Emphasis added.)
 
 
 12
 The Court of Appeals of Ohio for Cuyahoga County, Eighth District, specifically found in its December 17, 1981 opinion that the Village Board of Public Affairs for Chagrin Falls had under its charter the right to proceed in the manner authorized by the above statute. The Ohio courts, having thus determined the question of authority under Ohio law, have rendered a judgment to which the Federal courts must give full faith and credit. See 28 U.S.C. Sec. 1738.
 
 
 13
 Relative to the state court decision, plaintiff argues that the decision was wrong and that this is a further demonstration of her constitutional rights being denied, citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed. 265 (1982).[1] Plaintiff's reliance on Logan is not only misplaced but further demonstrates that the district court was correct in dismissing her complaint. Logan reached the Supreme Court by way of certiorari from the Illinois Supreme Court. Thus, in Logan, the plaintiff pursued his remedies through the state court system, and then obtained review by the United States Supreme Court. Here, plaintiff attempts to shorten that process by initiating suit in Federal district court challenging the correctness of the state court decision.
 
 
 14
 It is clear from plaintiff's reply brief that she does complain of the state court decision. At page two, she states:
 
 
 15
 Accordingly, State Judicial action which approved the applicability of the challenged state procedure to Plaintiff's property should not preclude review of the state procedure on due process grounds within the context of a 1983 action in Federal Court. A contrary position would make the State Court the final arbitor of the constitutional validity of a state procedure. Such a position violates the spirit and intent of 42 U.S.C. 1983.
 
 
 16
 Federal case law is contrary to plaintiff's contention, however. As the court held in Thistlethwaite v. City of New York, 362 F. Supp. 88 (S.D. N.Y. 1973), aff'd, 497 F.2d 339 (2nd Cir.), cert. denied, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974): '[S]tate court rulings on federal constitutional issues cannot be collaterally challenged by the parties to the state action in civil rights actions in federal district court . . ..' 362 F. Supp. at 92.
 
 
 17
 The only issue arguably left undecided is the question of the constitutionality of the Ohio statutes which authorize the defendants to act in the manner they did.[2] This question was not specifically raised in the Ohio courts and thus would not be precluded on an issue preclusion analysis. Whether Ohio law on claim preclusion would now bar a challenge to the state statutes we need not decide because plaintiff makes no such direct statutory challenge in the case dismissed by the district court.
 
 
 18
 It is therefore ORDERED that the decision of the district court, granting defendants' motion to dismiss, is AFFIRMED.
 
 
 
 *
 The Honorable Ralph B. Guy, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Appellant's Brief, at 11
 
 
 [2]
 Although plaintiff continues to raise the question of not being credited for $1,579.40 which was paid, this clearly is not the case, and the defendants have acknowledged this payment. See Exhibit 'F' to Defendants' Motion to Dismiss (Appendix at 62)